IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KEVIN D. BAKER                                                          PLAINTIFF

vs.                                      Civil No. 3:09-cv-03058

MICHAEL J. ASTRUE                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Kevin D. Baker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed applications for SSI and DIB on February 9, 2007. (Tr. 95-107). Plaintiff alleged he was disabled due to depression, anxiety, and panic attacks. (Tr. 119). Plaintiff alleged an onset date of January 7, 2007. (Tr. 105). These applications were initially denied on June 12,

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

2007 and were denied again on reconsideration on August 8, 2007. (Tr. 34-37). On August 15, 2007, Plaintiff requested an administrative hearing on his applications. (Tr. 62). This hearing was held on October 8, 2008 in Harrison, Arkansas. (Tr. 10-33). Plaintiff was present and was represented by counsel, Lawton Hellams, at this hearing. *See id.* Plaintiff and his former employer, Stacy Dwayne Nofsinger, testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-six (36) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the eleventh grade in high school. (Tr. 13).

On December 31, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 41-50). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2011. (Tr. 43, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 7, 2007, his alleged onset date. (Tr. 43, Finding 2). The ALJ determined Plaintiff had the following severe impairment: anxiety disorder (anxiety attacks). (Tr. 43, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. , Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 45-48, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all

> exertional levels but with the following non-exertional limitations: The claimant is moderately limited in the ability to understand, remember, and carry out complex instructions, respond appropriately to usual work situations, and routine work changes, and interact appropriately with the public, supervisors, and co-workers. Moderately limited means there is more than a slight limitation, but the claimant can still perform in a satisfactory manner.

(Tr. 45, Finding 5).

The ALJ then evaluated Plaintiff's Pas Relevant Work ("PRW"). (Tr. 48, Finding 6). Based upon his RFC, the ALJ found Plaintiff would be unable to perform any of his PRW. *Id.* Next, the ALJ determined whether Plaintiff, with his limitations, would be able to perform other work existing in significant numbers in the national economy. (Tr. 49-50, Finding 10). In order to make that determination, the ALJ submitted written interrogatories to Vocational Expert ("VE") Dale Thomas. (Tr. 49, 160-163). In response to these written interrogatories, the VE found a hypothetical person with Plaintiff's limitations would be able to perform the following occupations: (1) waiter/waitress with 391,000 such jobs in the United States and 1,700 in Arkansas; (2) fast food worker with 575,000 such jobs in the United States and 5,000 in Arkansas; and (3) production worker with 300,000 such jobs in the United States and 6,300 in Arkansas. (Tr. 49). Based upon the VE's findings, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from January 7, 2007 through the date of his decision or through December 31, 2008. (Tr. 50, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr.8-9). *See* 20 C.F.R. § 404.968. On April 10, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 3-5). On August 25, 2009, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on October 27, 2009. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 8, 10. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8, Pages 6-21. Specifically, Plaintiff claims the ALJ erred by improperly (1) relying upon the opinion of a non-treating physician while simultaneously disregarding the opinions of Plaintiff's treating physicians; (2) finding Plaintiff's impairments did not meet the requirements of Listing 12.06; and (3) failing to perform a proper credibility or *Polaski* determination. *Id.*

In response, Defendant argues the ALJ gave proper weight to the opinions of Plaintiff's treating sources. ECF No. 10, Pages 4-13. Defendant also argues that substantial evidence supports the ALJ's determination that Plaintiff's impairments did not meet or equal the requirements of

Listing 12.06. *Id.* at 13-15. Finally, Defendant argues that the ALJ properly assessed the credibility of Plaintiff's subjective complaints and that substantial evidence supports the ALJ's credibility determination. *Id.* at 15-18. Because this Court finds the ALJ did not give proper reasons for discounting the opinions of Plaintiff's treating physicians and because the ALJ failed to properly apply the *Polaski* factors, this Court will only address the first and third points of appeal.

### A.     Plaintiff's Treating Physicians

Plaintiff claims the ALJ improperly discounted the opinions of his treating physicians, Dr. Victor Armstrong, Mr. Daniel Thomas, and Dr. R. Stephen Austin. ECF No. 8, Pages 6-12. Specifically, Plaintiff claims the ALJ did not give "due consideration" to their opinions. *Id.* In response, Defendant argues that the ALJ gave proper weight to the opinions of Plaintiff's treating physicians. ECF No.10, Pages 4-13. As to Dr. Armstrong's opinion, Defendant claims the ALJ disregarded his opinions because they related to Plaintiff's *ability to work*, which is a determination that is reserved entirely for the SSA. *Id.* at 5. Defendant also claims that Dr. Armstrong's "treatment relationship" with Plaintiff involved only four instances of treatment. *Id.* at 6. As for Mr. Thomas, Defendant claims that he is a hypnotherapist whose opinions are not entitled to any weight. *Id.* at 7-8. Further, as for Dr. Austin, Defendant offers no reasons for the ALJ's failure to consider his opinions. *Id.* at 6-12.

In social security disability cases, the opinion of a treating physician may be entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d)(2). To be entitled to controlling weight, those opinions must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and not be "inconsistent with other substantial evidence." *House v. Astrue,* 500 F.3d 741, 744 (8th Cir. 2007) (internal quotation and citation omitted). The ALJ has the responsibility

to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted).

### 1.     Dr. Victor Armstrong

In the present action, Plaintiff offered the opinions of three of his treating physicians to establish he is disabled.  First, Plaintiff offered the opinions of Dr. Victor Armstrong. (Tr. 198-205, 271, 292). Dr. Armstrong examined Plaintiff on February 6, 3007 and found Plaintiff suffered from dizziness. (Tr. 198). He found Plaintiff's dizziness was probably related to an ear problem. *Id.* Thereafter, on February 26, 2007, Plaintiff presented with a GI bleed, gastritis, and dizziness. (Tr. 200). Dr. Armstrong recommended he receive follow-up treatment for these problems. *Id.* As a part of this follow-up, Dr. Armstrong had Plaintiff undergo an MRI of his brain with and without contrast. (Tr. 205). Dr. Armstrong found Plaintiff had an "unremarkable brain" and "some mild sinus disease." *Id.*

On May 1, 2007, Plaintiff reported that he was still suffering from some level of dizziness but was "doing so much better." (Tr. 271). During this appointment, Plaintiff also reported being depressed, and Dr. Armstrong prescribed Cymbalta and recommend he begin exercising to improve his mood. *Id.* After that appointment, Dr. Armstrong continued to re-fill Plaintiff's prescriptions for antidepressant medication.[2]

Thereafter, on October 7, 2008, Dr. Armstrong wrote one of the opinion letters that is at issue in this case. (Tr. 291). In this letter, he stated the following:

---

[2] On October 10, 2008, Dr. Armstrong authorized refills of Lorazepam, Ultram, and Zoloft.  (Tr. 292).

> Dear Social Security Administration,
>
> I have been taking care of Kevin Baker on and off for 2 years. I just wanted to make one aware that he has some severe issues that are not allowing him to work and if he could find some insurance, i.e., Medicaid, I believe that referrals and treatment would fall into place. He does not want to stay on this long term but this would facilitate a much quicker recovery and possibly a decreased time off of work which is all of our goal.

(Tr. 291).

In his opinion, the ALJ discounted Dr. Armstrong's findings from this letter and from his treatment of Plaintiff's depression but provided no reasons for discounting those findings. (Tr. 47-48). As to the opinions of Plaintiff's treating physicians, the ALJ merely stated:

> As for the opinion evidence, the opinions of the claimant's examining and treating physicians are given substantial weight consistent with 20 CFR 404.1527. Consideration is given to the length of the treating relationship and the medical specialty of the treating physician with regard to opinions expressed about the claimant's medical conditions and functional restrictions.

(Tr. 47). Such a complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Armstrong's findings that Plaintiff cannot work. *See Brown,* 611 F.3d at 951-52.

In his briefing, Defendant outlined several arguments and gave "good reasons" for the ALJ's conclusion that Dr. Armstrong's opinions were not entitled to controlling weight. For instance, Defendant stated Dr. Armstrong's opinions are not entitled to controlling weight because his opinions relate to Plaintiff's ability to work, which is an issue "reserved for the Commissioner." ECF No. 10, Page 5. Further, Defendant noted that Dr. Armstrong stated there were "severe issues" that kept Plaintiff from working, but he did not explain how Plaintiff's "severe issues" interfered with his ability to work. *Id.* While both of these points are valid, the ALJ *did not state them* in his opinion. Instead, these arguments come from Defendant's after-the-fact reading of the ALJ's opinion and speculation as to why he discounted the opinions of Dr. Armstrong.

8

### 2. Mr. Daniel Thomas

Plaintiff argues that the ALJ improperly discounted the opinions of his treating hypno-therapist, Mr. Daniel Thomas. ECF No. 8, Pages 6-12. Mr. Thomas found Plaintiff was "a prime example of a person with Panic Disorder with Agoraphobia." and exhibited all thirteen of the symptoms for this disorder. (Tr. 294-295). Despite Mr. Thomas's findings, the ALJ discounted Mr. Thomas's opinion regarding Plaintiff's disorder. (Tr. 48). The ALJ discounted his opinion because Mr. Thomas's opinion on disability "is considered as an opinion on an issue reserved to the commissioner." *Id.* The ALJ made no other determination regarding Mr. Thomas's findings.

In making that determination, however, the ALJ failed to recognize that Mr. Thomas had a *treating relationship* with Plaintiff and could offer more than a one-time opinion about Plaintiff's disability. (Tr. 293-294). In his letter regarding Plaintiff's Panic Disorder with Agoraphobia, he stated that he had been treating Plaintiff since June 14, 2007. *Id.* Despite this treatment relationship, it does not appear the transcript contains any of Plaintiff's treatment records from Mr. Thomas. (Tr. 159-294). Prior to entirely discounting his findings based upon his opinion letter, the ALJ should have further developed the record and obtained Mr. Thomas's treatment records. *See* 20 C.F.R. § 404.1512(e).

### 3. Dr. R. Stephen Austin

Plaintiff argues that the ALJ improperly discounted the opinions of his treating psychiatrist, Dr. R. Stephen Austin. ECF No. 8, Page 9. Plaintiff claims that Dr. Austin repeatedly found Plaintiff suffered from "severe major depressive disorder, generalized anxiety disorder, Panic Disorder with Agoraphobia" and consistently gave Plaintiff a GAF score of 50 or below. *Id.* Plaintiff claims these findings support a determination of disability. *Id.* Plaintiff also claims the ALJ did not fully consider Dr. Austin's claims but, instead, merely recited that Dr. Austin's opinions were

considered. (Tr. 47).

As an initial matter, this Court notes that Dr. Austin did treat Plaintiff and did diagnose him with major depressive disorder (severe with psychotic features), panic disorder with agoraphobia, and generalized anxiety disorder. (Tr. 265). Dr. Austin also found Plaintiff had a GAF of 45. *Id.* Indeed, the ALJ noted that Dr. Austin diagnosed Plaintiff "with panic disorder with agoraphobia and depression disorder." (Tr. 46). In his opinion, however, the ALJ provided no basis for discounting Dr. Austin's findings and gave no reasons for not adopting his opinions. (Tr. 47-48). Such a cursory review of Dr. Austin's findings is insufficient. *See Brown,* 611 F.3d at 951-52 (requiring "good reasons" for discounting the findings of a treating physician).

In his opinion, the ALJ summarized the opinions of these treating physicians. He did not indicate he was discounting those opinions or affording them any weight at all. He merely summarized the opinions and then relied upon the consulting physician's opinion in reaching his decision. The ALJ failed to give any reasons for choosing the consulting physician's opinion over the treating physicians' opinions. Because the ALJ failed to give any reasons for discounting the opinions of the treating physicians, the decision should be reversed and remanded.

**B.**     ***Polaski* Analysis**

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

10

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis.  Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused entirely upon whether his medical records supported his claims. (Tr. 45-48).  The ALJ's reliance on Plaintiff's medical records alone is expressly

prohibited by *Polaski* and will not be permitted in this case. *See Polaski,* 739 F.2d at 1322. Further, instead of fully analyzing the *Polaski* factors, the ALJ included the following paragraph in his opinion reciting that he had complied with those requirements:

> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p.

(Tr. 54). Clearly, such a paragraph *reciting* that he has correctly evaluated Plaintiff's subjective complaints does not relieve him of the responsibility of actually evaluating those complaints.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **20th day of October, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE