IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


KEVIN D. BAKER                                                                    PLAINTIFF

vs.                                        Civil No. 3:09-cv-03058

MICHAEL J. ASTRUE                                                          DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal

Access to Justice Act ("EAJA").  ECF No. 13.[1]  Defendant has responded to this Motion and objects

to the requested amount as being excessive and objects to the fee award being made directly to

Plaintiff's attorney.  ECF No. 15.  The parties have consented to the jurisdiction of a magistrate

judge to conduct any and all proceedings in this case, including conducting the trial, ordering the

entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.  Pursuant to

this authority, the Court issues this Order.

1. **Background:**

Kevin D. Baker ("Plaintiff") appealed to this Court from the Secretary of the Social Security

Administration's ("SSA") denial of his request for Disability Insurance Benefits ("DIB") and

Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  ECF No. 1.  On October

20, 2010, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C.

§ 405(g).  ECF Nos. 11-12.

On January 17, 2011, Plaintiff filed the present Motion requesting an award of attorney's fees

under the EAJA.  ECF Nos. 13-14.  With this Motion, Plaintiff requests an award of attorney's fees

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

of $2,241.60, representing 9.55 attorney hours at an hourly rate of $155.00, 9.5 paralegal hours at an hourly rate of $75.00, $21.85 in expenses, and $27.00 in costs.  ECF No. 13.  On January 28, 2011, Defendant responded to this Motion and objects to the hours requested as being excessive.  ECF No. 15.  Defendant also notes in his response to the request for attorney's fees that any fees awarded should be awarded directly to Plaintiff and not to Plaintiff's attorney.  *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010).

**2. <u>Applicable Law</u>:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

## 3. Discussion:

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 11-12. Defendant does not contest Plaintiff's claim that he is the prevailing party, does not oppose his application for fees under the EAJA, and does not object to the hourly rate he requested. ECF No. 15. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $2,241.60 under the EAJA. ECF No. 13. Plaintiff requests these attorney's fees at a rate of $155.00 per hour. Such an enhanced hourly rate is authorized when a CPI demonstrating a cost of living increase is submitted. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,*

919 F.2d at 504.  In the present action, Plaintiff submitted a CPI.  ECF No. 14-1.  Based upon this CPI, this Court authorizes an enhanced hourly rate and awards Plaintiff his requested hourly rate of $155.00 for attorney hours.

Further, Defendant objects to Plaintiff's requested fees as being excessive. Defendant claims that Plaintiff's attorney both billed for work that was "unnecessary" and improperly billed in .25 increments.  This Court has reviewed the itemized statement from Plaintiff's attorney (ECF No. 14-12) and does not find the requested fees to be excessive.  Indeed, the work Defendant argues was "unnecessary" Plaintiff's attorney performed while representing his client in this matter.  Clearly, even though the *result* of the work did not ultimately assist Plaintiff in being awarded disability benefits, that amount should still be awarded as attorney's fees.  Additionally, after reviewing the itemized statement by Plaintiff's attorney, this Court finds billing in .25 increments did not result in excessive billing or an excessive fee.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff*. ECF No. 15.  Plaintiff filed as a part of his request for fees an "Assignment of EAJA Fee," which indicates Plaintiff's attorney seeks to have this fee award be made directly to him.  ECF No. 14-13. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue*, 130 S.Ct. at 2528 .  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, because it appears Plaintiff has executed an assignment to Plaintiff's attorney of all rights in an attorney fee award, if Plaintiff owes no outstanding debt to the federal government, the attorney fee may be awarded to Plaintiff's attorney.

**4. Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$2,241.60** in attorney's fees and costs

pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **2nd day of February, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

5